## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 92-94 WEST 34TH STREET HCPVI LLC, | |
| Plaintiff, | Case No. 25-cv-707 |
| v. | |
| NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, | OPINION |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J:**

In its Complaint, Plaintiff 92-94 West 34th Street HCPVI LLC ("Plaintiff") brings two constitutional claims against Defendant New Jersey Department of Community Affairs (the "Department") alleging violations of the Eighth Amendment's Excessive Fines Clause and the Fourteenth Amendment's Due Process Clause, a claim for violation of Article I Section 12 of the New Jersey Constitution, and a claim for declaratory judgment pursuant to 28 U.S.C. § 2201. ECF No. 1.

Before the Court are the Department's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (the "Motion"), and Plaintiff's Cross-Motion for Leave to Amend Complaint (the "Cross-Motion"). ECF Nos. 15, 20. For the reasons stated herein, the Motion is **GRANTED** and the Cross-Motion is **DENIED**.

### I.     BACKGROUND

The Complaint alleges that Plaintiff, a limited-liability company holding title to the residential building located at 92-94 West 34th Street, Bayonne, New Jersey (the "Property"), received a series of orders to pay (the "Orders to Pay") from the Department for purported violations of New Jersey's Hotel & Multiple Dwelling Law, N.J.S.A. § 55:13A-1 *et seq.* (the "NJHMDL"). Following an inspection of the Property and the issuance of a corresponding report identifying 102 alleged housing violations, the Department served Plaintiff with an Order to Pay dated March 1, 2022. Compl. ¶¶ 21-24. Over the course of the next year, the Department purportedly inspected the Property four more times. *Id.* ¶¶ 32-64. Following each inspection, the Department identified multiple violations and served subsequent Orders to Pay on Plaintiff. *Id.* The Department, Plaintiff alleges, only attempted to serve each Order to Pay once. *Id.* ¶¶ 26, 36, 45, 53, 61. Moreover, some of the Orders to Pay lacked "factual bases" for the alleged violations and "methods of calculation" for the fines issued. *Id.* ¶¶ 31, 39, 40, 49, 57, 64.

It does not appear that Plaintiff ever paid any Orders to Pay. As a result, on May 16, 2024, the Department recorded a judgment lien against Plaintiff for $270,451 with the New Jersey Superior Court (the "Judgment"). *Id.* ¶ 65. On August 16, 2024, the New Jersey Superior Court

issued a writ of execution against Plaintiff. *Id.* ¶ 67. Consequently, some of Plaintiff's tenants started paying their rent to the Department, rather than to Plaintiff. *Id.* ¶ 68.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim over which it lacks subject matter jurisdiction to hear. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Because the Department moves under Rule 12(b)(1), the Court first determines whether the Motion presents a facial or factual attack on Plaintiff's claims. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack "asserts that [a claim] is insufficient to invoke the subject matter jurisdiction of the court" due to some jurisdictional defect such as failure to plead diversity of citizenship. *Id.* at 358. A factual attack, by contrast, argues "the facts of the case do not support the asserted jurisdiction." *Dupont v. United States*, 197 F. Supp. 3d 678, 683 (D.N.J. 2016). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party*, 757 F.3d at 358 (citation modified).

Courts in this District have characterized sovereign immunity defenses, which the Department advances here, as facial attacks on jurisdiction. *See Jean-Baptiste v. United States DOJ*, No. 24-cv-8583, 2025 WL 1367602, at *3 (D.N.J. May 9, 2025); *Cope v. Kohler*, No. 12-cv-5188, 2015 WL 3952714, at *3 (D.N.J. June 29, 2015); *but see Bishop v. DHS*, No. 14-cv-5244, 2015 WL 2125782, at *2 (D.N.J. May 6, 2015). The Department does not identify its argument as either a facial or factual attack. Def.'s Br. 8. Because this difference is ultimately immaterial to the disposition of the Motion, the Court will treat the Department's defense as a facial challenge to its subject matter jurisdiction and consider all well-pleaded facts in the complaint as true. *See Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Federal Rule of Civil Procedure 15 governs the Cross-Motion. It provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may, however, "deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). The Third Circuit has "consistently adopted a liberal approach to the allowance of amendments." *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 735 (3d Cir. 2020).

## III.    DISCUSSION

### A.  Motion to Dismiss

Plaintiff argues the Orders to Pay violate the United States and New Jersey Constitution's protections against excessive fines and Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution. The Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *Timbs v. Indiana*, 586 U.S. 146, 149-50 (2019).

The Eleventh Amendment grants sovereign immunity to states and, by extension, their agencies and departments. U.S. Const. amend. XI; *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *MCI Telecomm. Corp. v. Bell-Atlantic Pa.*,

271 F.3d 491, 503 (3d Cir. 2001). The Third Circuit has held that the Department enjoys sovereign immunity. *Rhett v. Evans*, 576 Fed. App'x 85, 87 (3d Cir. 2014) ("[Plaintiff's] claims are barred by the Eleventh Amendment. The Department of Community Affairs is a principal department established in the Executive Branch of the State Government") (citing N.J.S.A. § 52:27D–1) (citation modified).

The Eleventh Amendment immunizes states from federal lawsuits unless one of three exceptions applies: congressional abrogation, waiver, or the *Ex parte Young* doctrine. *Ex parte Young* permits lawsuits against "individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *Ex parte Young*, 209 U.S. 123 (1908). Importantly, this exception applies only to individual state officers. *Pennhurst State Sch. & Hosp. v Halderman*, 465 U.S. 89, 101-04 (1984). "The doctrine of *Ex parte Young* . . . does not apply to states or state agencies." *Acosta v. Democratic City Comm.*, 288 F. Supp. 3d 597, 626 (E.D. Pa. 2018) (citing *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 146).

Plaintiff appears to concede that its claims in the operative Complaint are barred by sovereign immunity. *See* Pl.'s Br. 1 ("The amendment . . . clarifies the proper parties"), 20 ("The amendment adds necessary state officials for prospective relief under *Ex parte Young*"). Perhaps recognizing this, Plaintiff dedicates the bulk of its brief towards arguing why it should be granted leave to amend the Complaint, rather than arguing why the Motion should not be granted. *See generally id.*; *see also* Def.'s Opp. 9.

In any event, the Court concludes that Plaintiff's constitutional claims are barred by the Eleventh Amendment's promise of sovereign immunity. The Department, an arm of the State, is entitled to Eleventh Amendment protection. *Rhett*, 576 Fed. Appx. at 87. No exceptions apply here. As the Department correctly notes, there is no evidence of congressional abrogation or waiver, and *Ex parte Young* is inapplicable for the reasons explained above. Def.'s Br. 11; *Acosta*, 288 F. Supp. 3d at 626. The Department's Motion is therefore **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**.

## B. Motion to Amend

Plaintiff's Cross-Motion seeks leave of this Court to amend its Complaint. ECF Nos. 20-5, 23. In its Proposed First Amended Complaint (the "PFAC"), Plaintiff removes the Department and substitutes Jacquelyn A. Saurez, the Department's Commissioner,[1] and Carmine Giangeruso, Bureau Chief of the Department's Bureau of Housing Inspection, as defendants (the "Proposed Defendants"). *See* PFAC ¶¶ 6-7. The facts remain largely unchanged. Pl.'s Br. 1 (describing the factual additions as "modest"). The PFAC contains five counts: a claim under 42 U.S.C. § 1983; a violation of the Eighth Amendment's Excessive Fines Clause; a violation of Article I Section 12 of the New Jersey Constitution; a violation of the Fourteenth Amendment's guarantee of due process; and declaratory judgment that the Orders to Pay violate the United States and New Jersey Constitutions and therefore the Judgment is void. *Id.* ¶¶ 96-145.

---

[1] The Department states that Saurez was incorrectly named as the Department's Commissioner. Def.'s Opp. 3.

Plaintiff argues that it should be granted leave to file the PFAC because *Ex Parte Young* provides a cause of action against Saurez and Giangeruso, this Court is permitted to exercise subject matter jurisdiction over its proposed claims, and the proposed amendments are neither futile, untimely, pursued in bad faith, nor prejudicial to Proposed Defendants. In response, the Department asserts that leave to amend should be denied because Plaintiff's proposed amendments are futile and for Plaintiff's failure to comply with this District's Local Rules regarding motions for leave to amend.[2] Def.'s Opp. 4-8. Amendment would be futile, according to the Department, because New Jersey state law and the *Rooker-Feldman* doctrine deprive this court of subject matter jurisdiction over Plaintiff's claims. *Id.* at 6; Def.'s Br. 12.

The parties characterize the PFAC in different ways. The Department contends that "plaintiffs are seeking to appeal entry of a State court docketed judgment." Def.'s Opp. 8. Plaintiff, for its part, asserts that the PFAC challenges "Proposed Defendants' violations of Plaintiff's constitutional rights [that] preceded the entry of state court judgment." Pl.'s Br. 16. Plaintiff adds, "These violations took place when Proposed Defendants assessed excessive fines under their HDML authority and violated Plaintiff's Fourteenth Amendment right to due process." *Id.*

The Court agrees the Supreme Court of New Jersey has vested the Superior Court of New Jersey's Appellate Division with exclusive jurisdiction over review of administrative agency actions, including constitutional challenges thereto. N.J. Ct. R. 2:2-3(a)(2); *In re Protest of Cont. for Retail Pharm. Design*, 314 A.3d 768, 775-76 (N.J. 2024); *In re Taylor*, 158 N.J. 644, 656 (1999); *Shorter v. N.J. Div. of Pension & Benefits*, No. 22-cv-2062, 2023 WL 2808071, at \*5 (D.N.J. Apr. 6, 2023). "If the person against whom a penalty has been assessed does not request a timely hearing, the penalties become final, and appellate review is to this court." *State Bureau of Hous. Inspection v. Giermanski*, 2012 WL 2865775, at \*3 (N.J. Sup. Ct. App. Div. July 13, 2012).

Here, counts one through four of the PFAC are attacks on the Department's issuance of the Orders to Pay. Pl.'s Br. 15 ("Proposed Defendants' Orders to Pay violated Plaintiff's Eighth and Fourteenth Amendment rights—not simply . . . the recording of the Orders to Pay as a state court judgment"). Notably, Plaintiff does not argue that it first requested an administrative hearing challenging the Orders to Pay under N.J.S.A. § 2A:58-10. Consequently, the PFAC's claims regarding the Orders to Pay seek review of final agency actions. *See Giermanski*, 2012 WL 2865775, at \*3. These challenges therefore fall outside the scope of this Court's jurisdiction.[3] *In re Protest*, 314 A.3d at 775-76.

Finally, PFAC's fifth cause of action seeks:

---

[2] The Department asserts that this Court should not consider the Cross-Motion because Plaintiff failed to abide by the Local Rules' requirement to include "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposed to amend[.]" Loc. R. 15.1(a). Exhibit B to the Cross-Motion, while seemingly purporting to comply with this Rule, is plainly deficient. *See* ECF No. 20-1; Def.'s Opp. 3; ECF No. 23 (containing a corrected version of Exhibit B). Regardless, the Court finds this procedural defect does not provide grounds for denying the Cross-Motion.

[3] To the extent the PFAC seeks "prospective declaratory and injunctive relief . . . to halt the continuing unconstitutional enforcement of penalties and liens by the [Department] by and through [Proposed] Defendants against Plaintiff's property," it is unclear how the Court can grant *prospective* relief from Orders to Pay that have already been issued. *Contrast* PFAC ¶ 1 *with* Pl.'s Br. 12 ("A failure to pay an assessed fine is not "'continuing'").

> Declaratory judgment [that] (a) The Orders to Pay violate the U.S.
> Constitution's 8th Amendment, [Article I Section 12 of] the New Jersey
> Constitution . . . and the U.S. Constitution's 14th Amendment, and were
> issued in violation of New Jersey's Hotel and Multiple Dwelling Law and
> are, therefore, null and void; (b) the Judgment arising from such unlawful
> actions is vacated; and (c) Plaintiff has no additional or further liability to
> Plaintiff under the Orders to Pay.

PFAC ¶ 145. For the foregoing reasons, the Court cannot declare that the Orders to Pay violate either the United States or New Jersey Constitutions, or the NJHMDL.

Nor can the Court declare the Judgment void, as doing so would run afoul of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject matter jurisdiction to engage in appellate review of state court judgments. *Merrits v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023). The four conditions that necessitate application of *Rooker-Feldman* are: "(1) the federal plaintiff must lose in a state-court judicial proceeding; (2) the state-court judgment or decree must be rendered before the federal action was filed; (3) the federal plaintiff must invite the review and rejection of the state-court judgment; and (4) the federal plaintiff must complain of injuries caused by the state-court judgment." *Id.* Each element is met here. By virtue of the Judgment, Plaintiff lost in state court, the Judgment occurred before the filing of this action, and Plaintiff, seeking a declaration nullifying the Judgment, both invites review of and complains of a state court ruling. *See Merrits*, 62 F.4th at 774; N.J.S.A. § 2A:58-10(b) ("[t]he final order of the agency recorded on the judgment docket of the court thereafter shall have the same effect as a judgment of the court"). Thus, this Court cannot exercise subject matter jurisdiction over any of the PFAC's claims.

## IV.    CONCLUSION

For these reasons, the Motion is **GRANTED**. The Cross-Motion is **DENIED**. An appropriate order follows.

Date: November 14 2025

WILLIAM J. MARTINI, U.S.D.J