UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 92-94 WEST 34TH STREET HCPVI LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF<br>COMMUNITY AFFAIRS,<br><br>　　　　　　　　　　　Defendant. | No. 25-cv-707<br><br>**OPINION AND ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Before the Court is Plaintiff 92-94 West 34th Street HCPVI LLC's ("Plaintiff") "Motion for Relief from Judgment or Order Pursuant to FRCP Rules 59 & 60," (the "Motion"). ECF No. 28. The Motion seeks reconsideration of this Court's November 14, 2025 Opinion and Order granting Defendant's motion to dismiss and denying Plaintiff's cross-motion for leave to amend its complaint (the "Opinion"). ECF Nos. 26-27. For the reasons stated herein, the Motion is **DENIED**.

### I.　　BACKGROUND

　　　　The Court assumes the parties' familiarity with this case and sets forth only the facts necessary for the disposition of the Motion. The Court previously granted Defendant's motion to dismiss, holding that the New Jersey Department of Community Affairs (the "Department") is entitled to sovereign immunity, and no exceptions thereto apply. Op. 3. It also denied Plaintiff leave to amend its complaint and assert claims against two employees of the Department for constitutional and statutory violations. *Id.* (citing ECF No. 23-3). The Court reasoned that the Superior Court of New Jersey's Appellate Division (the "Appellate Division") has exclusive jurisdiction over Plaintiff's claims, *see id.* at 4, and to the extent Plaintiff challenged the state court Judgment against it (the "Judgment"), its claims are barred by the *Rooker-Feldman* doctrine. *Id.* at 5. The instant Motion followed.

### II.　　LEGAL STANDARD

　　　　Local Civil Rule 7.1 governs motions for reconsideration. It requires a movant to provide "the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). "The standard for reconsideration is high and reconsideration is to be granted only sparingly." *Church & Dwight Co., Inc. v. Abbot Laby's*, 545 F. Supp. 2d 447, 448 (D.N.J. 2008). The grounds for granting reconsideration are: (1) an intervening change in controlling law; (2) the availability of evidence then-unavailable when the court decided the motion; or (3) "the need to

1

correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Manifest injustice generally "arise[s] only where the Court overlooked some dispositive factual or legal matter that was presented to it, or committed a direct, obvious, and observable error." *Roggio v. FBI*, No. 08-cv-4991, 2025 WL 1511141, at *3 (D.N.J. May 8, 2025) (citation modified).

## III. DISCUSSION

Plaintiff argues this Court erred in holding the Appellate Division has exclusive jurisdiction over its claims. Pl.'s Br. 5. The Rule states, in relevant part, "appeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer." *Id.*

Despite the Rule's use of the permissive "may," the Supreme Court of New Jersey has found that the Rule grants the Appellate Division exclusive jurisdiction over these claims. *See In re Protest of Cont. for Retail Pharm. Design*, 257 N.J. 425, 438 (2024) ("Under Rule 2:2-3(a)(2), the Appellate Division's authority to review a state administrative agency's final decision or action is exclusive"); *Prado v. State*, 186 N.J. 413, 422 (2006); *Pascucci v. Vagott*, 71 N.J. 40, 52 (1976). Courts in this District agree. *Armano v. Martin*, 157 F. Supp. 3d 392, 406 n.9 (D.N.J. 2016); *Shorter v. N.J. Div. of Pension & Benefits*, No. 22-cv-2062, 2023 WL 2808071, at *5 (D.N.J. Apr. 6, 2023); *Smith v. A.G.*, No. 22-cv-4884, 2025 WL 1885047, at *4 (D.N.J. July 8, 2025).

As explained, Plaintiff's Proposed First Amended Complaint ("PFAC") primarily challenges the Department's issuance of the Orders to Pay. *See* PFAC ¶¶ 113-17, 125-40 (describing how the Orders to Pay allegedly violate the Eighth and Fourteenth Amendments). Because Plaintiff never sought an administrative hearing under N.J.S.A. § 2A:58-10, the Department's decision became final, and any review thereafter rested with the Appellate Division. Op. 4. For these reasons, and for want of any grounds favoring reconsideration, the Court rejects Plaintiff's argument that it erred in concluding the Appellate Division has exclusive jurisdiction over Plaintiff's claims.[1]

Plaintiff's argument that this Court misapplied *Rooker-Feldman* fares no better. While it is true that the doctrine "has no application to judicial review of executive action, including

---

[1] Plaintiff argues that the Fourth Circuit's decision in *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314 (4th Cir. 2016) supports its position. Pl.'s Br. 6-7. The *Thana* court held that the existence of an appellate right in Maryland state court does not impede federal courts from exercising jurisdiction over claims regarding agency action. *Thana*, 827 F.3d at 320. As described *supra*, New Jersey courts are uniform in holding that its Appellate Division exercises exclusive jurisdiction over these claims. *See N.J. Election L. Enf't Comm'n v. DiVincenzo*, 451 N.J. Super. 554, 568-69 (N.J. App. Div. 2017) (collecting cases). Plaintiff does not argue that Maryland courts have reached a similar interpretation, and without any evidence that Maryland law vests exclusive jurisdiction to its appellate courts over review of state agency actions, *Thana* is readily distinguishable. Plaintiff's reliance on *Andrade v. City of Hammond, Ind.*, 9 F.4th 947 (7th Cir. 2021) is misplaced for the same reasons. Pl.'s Br. 8 (arguing *Thana* and *Andrade* both support this proposition).

determinations made by a state administrative agency," *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002), the Opinion employed *Rooker-Feldman* only insofar as Plaintiff sought to void the Judgment. The Court did not apply *Rooker-Feldman* to the extent Plaintiff's claims challenged the Department's issuance of the Orders to Pay. Op. 5. Despite Plaintiff's claims to the contrary, the PFAC clearly purports to challenge the Judgment. *See* PFAC ¶¶ 81 ("[Defendants] continue to maintain the penalties and Judgment as enforceable debts against Plaintiff"); 88 ("Defendants have refused to vacate or withdraw the Judgment"); 89 ("Defendants. . . refus[e] to rescind the Judgment"); 145(b) (seeking a ruling that "the Judgment arising from such unlawful actions is vacated"). *Rooker-Feldman*, therefore, does not permit this Court to exercise jurisdiction in this manner. Op. 5.

Finally, Plaintiff cites out-of-circuit case law to support its position that the Judgment is a "ministerial outcome, not an adjudicative one." Pl.'s Br. 8. These cases are neither binding nor controlling on this Court. *Hernandez v. Johnson & Johnson Consumer Inc.*, No. 19-cv-15679, 2023 WL 2634496, at *3 (D.N.J. Mar. 24, 2023). Moreover, the case law is unpersuasive. Plaintiff relies on a Sixth Circuit decision that held a writ of garnishment is not a judgment under *Rooker-Feldman*. *VanderKodde v. Mary Jane M. Elliot, P.C.*, 951 F.3d 397 (6th Cir. 2020). As the Opinion explains, however, New Jersey law explicitly states that "[t]he final order of the agency recorded on the judgment docket of the court thereafter *shall have the same effect as a judgment of the court*." N.J.S.A § 2A:58-10(b) (emphasis added); *see also In re Sabertooth, LLC*, 443 B.R. 671, 683 (Bank. E.D. Pa. 2011) ("*Rooker-Feldman* doctrine applies to all judgments by a state court").

### IV.   CONCLUSION

For the foregoing reasons, the Motion is denied. Accordingly, it is, on this 15th day of January 2026, hereby,

**ORDERED** that Plaintiff's Motion is **DENIED**.

WILLIAM J. MARTINI, U.S.D.J.

3